JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD OWENS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>PFEIFFER, WARDEN,<br><br>　　　　　Respondent | ) NO. EDCV 18-02020-JFW (KS)<br>)<br>)<br>) ORDER DISMISSING PETITION FOR<br>) WRIT OF HABEAS CORPUS WITHOUT<br>) PREJUDICE<br>)<br>)<br>) |

On March 12, 2018, Richard Owens, a California state prisoner proceeding *pro se* ("Petitioner"), filed a 28 U.S.C. § 2241 habeas petition ("Petition"), along with a Declaration in Support of Request to Proceed *In Forma Pauperis*. (Dkt. No. 1.) After a thorough review of the Petition and its attachments, the Court concludes that the Petition must be summarily dismissed for failing to state a cognizable habeas claim.

//
//
//
//
//

1

**THE PETITION**

Petitioner was convicted on June 1, 2000 of two counts of assault with a firearm on a person and two counts of terrorist threats. (Petition at Page ID 2.)[1] He was sentenced to thirty three years to life in prison. (*Id.*) He alleges, however, that the instant Petition concerns "staff misconduct" and he specifically complains that he has "been physically assaulted by a correctional officer A. Matthews, while having been forced into a cell with another inmate" in violation of the Eighth Amendment. (*Id.* at Page ID 2, 5.) Petitioner further alleges that he suffered physical injuries from the physical assault. (*Id*. at Page ID 6.)

For the reasons discussed below, the Petition must be summarily dismissed because Petitioner's claims are not cognizable under Section 2254.

**DISCUSSION**

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), permits this Court to "apply any or all of these rules" to any habeas petition, even if the petition is not filed pursuant to Section 2254. Further, Rule 4 of the Habeas Rules requires a district court to dismiss a petition, without ordering a responsive pleading, when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. In this case, pursuant to Habeas Rule 4, summary dismissal of the Petition without prejudice is required. *See Bostic v. Carlson*, 884 F.2d 1267, 1269–70 (9th Cir.1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).

---

[1] Because Petitioner did not consecutively number all of the pages of the Petition, for clarity, the Court refers to the page identifiers assigned by the CM/ECF docketing system.

A habeas corpus petition under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner's challenge to a state court conviction or matters affecting the length of state prison confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 484 (1993). By contrast, challenges to a prisoner's conditions of confinement must be brought through a civil rights action, rather than through a habeas corpus petition. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief] and may be brought pursuant to § 1983 in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

I. **Petitioners' Claims Are Not Cognizable As Federal Habeas Claims.**

Here, Petitioner challenges the conditions of confinement at the Delano, California facility where he is incarcerated. (Petition at Page ID 2.) He alleges that he has suffered physical injuries as the result of a physical assault by a correctional officer in violation of the Eighth Amendment. (*Id.* at Page ID 5.) Because these claims do not challenge the fact or duration of Petitioner's confinement, they are not cognizable under 28 U.S.C § 2254, which outlines habeas procedures available to state prisoners. *See Preiser*, 411 U.S. at 484 ("It is clear, not only from the language of 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody[.]")

II. **The Court Declines to *Sua Sponte* Convert the Petition into a Civil Rights Action.**

The Court may construe a flawed habeas petition as a civil rights action. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford*

3

*v. Ngo*, 548 U.S. 81 (2006). Converting the Petition to a section 1983 complaint would be improper in this instance, however, because: (1) the Petition was not accompanied by the $400 filing fee; (2) while the Petition was accompanied by declaration in support of an application to proceed *in forma pauperis*, the Petition was not accompanied by a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a); (3) the Petition was not accompanied by an authorization to have the $400 filing fee deducted from Petitioner's trust account pursuant to 28 U.S.C. § 1915(b)[2]; and (4) Petitioner has not identified the capacity in which Warden Pfeiffer would be sued, if at all, for purposes of a civil rights claim, a critical issue for analyzing immunity issues.

Dismissal of this action at the pleading stage would not end Petitioner's obligation to pay that $400 filing fee. In addition, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). Finally, if the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against the Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" — *i.e.*, prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted — may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury." Thus, the Court finds it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may determine whether or not he wishes to raise the claims related to alleged assault in a properly-submitted civil rights complaint.

//
//
//

---

[2] Because Petitioner is a prisoner, 28 U.S.C. § 1915(b) requires him to pay "the full amount of a filing fee," although he may do so through monthly payments rather than prepaying the entire amount.

Accordingly, for the foregoing reasons, it is ORDERED that the Petition shall be DISMISSED WITHOUT PREJUDICE.

DATED: March 21, 2018

                                                  JOHN F. WALTER
                                         UNITED STATES DISTRICT JUDGE

Presented by:

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE